PER CURIAM.
Pursuant to Rule XII of the Rules of the Supreme Court of Louisiana, the United States Court of Appeals for the Fifth Circuit certified the following question to this court:
Whether La.R.S. 18:1462A proscribes on election day, outside of the polling place itself but within a radius of six hundred feet from the entrance thereto, all solicitation of signatures for a recall petition that is not on the ballot that is to be voted on at the election for which the polling place is open, and in the polling place or said six hundred foot radius all wearing of clothing or buttons bearing visible words or symbols supportive of such recall?
We granted certification, and now proceed to answer the question.[1]
La.R.S. 18:1462(A) provides:
§ 1462. Acts prohibited on election day; electioneering; exception; enforcement; penalty
A. Except as otherwise specifically provided by law, it shall be unlawful for any person, between the hours of 6:00 a.m. and 9:00 p.m., to perform or cause to be performed any of the following acts within any polling place being used in an election on election day or within any place wherein absentee voting is being conducted, or within a radius of six hundred feet of the entrance to any polling place being used in an election on election day or any place wherein absentee voting is being conducted:
*949 (1) To solicit in any manner or by any means whatsoever any other person to vote for or against any candidate or proposition being voted on in such election.
(2) To remain within any such polling place or place wherein absentee voting is being conducted or within a radius of six hundred feet of the entrance of any such polling place, except when exercising the right to vote, after having been directed, in writing, by an election commissioner or law enforcement officer to leave the premises or area of a polling place or after having been directed, in writing, by a registrar or deputy registrar to leave the place wherein absentee voting is being conducted.
(3) To hand out, place, or display campaign cards, pictures, or other campaign literature of any kind or description whatsoever.
(4) To place or display political signs, pictures, or other forms of political advertising.
[emphasis added].
We find the clear intent of this statute, when taken as a whole, is to prohibit political activity within 600 feet of the polls on election day in order to prevent disruption of the polling place and the election process. Although we agree that subsection (1) does not apply to the present case, we believe subsections (3) and (4) clearly, proscribe the conduct at issue. Subsection (3) prohibits the handing out, placement or display of campaign literature “of any kind or description whatsoever.” We find the solicitation of signatures for a recall petition not on the ballot at that election, but which its backers ultimately hope to get on the ballot, fits this broad definition of handing out or displaying campaign literature. Likewise, we hold the wearing of clothing or buttons supporting such a recall effort is a display of political advertising prohibited by subsection (4). Accordingly, we answer the certified question in the affirmative.[2]
DECREE
For the reasons assigned, we answer the certified question as follows:
La.R.S. 18:1462(A)(3) proscribes on election day, outside of the polling place itself but within a radius of six hundred feet from the entrance thereto, all solicitation of signatures for a recall petition that is not on the ballot that is to be voted on at the election for which the polling place is open. La.R.S. 18:1462(A)(4) proscribes in the polling place or said six hundred foot radius all wearing of clothing or buttons bearing visible words or symbols supportive of such recall.
It is ordered that, pursuant to Supreme Court Rule XII, § 9, the clerk of this court send this judgment under the seal of this court to the United States Court of Appeals for the Fifth Circuit and to the parties.

. We note that our opinion deals only with the question certified, and we do not pass on any issues of constitutionality under either the United States Constitution or the Louisiana Constitution.

. We note that Attorney General of Louisiana, in opinion no. 92-650(A), reached a similar conclusion, as did the court of appeal in an unpublished opinion, Lacour v. State of Louisiana, 90-C-1772 (La.App. 4th Cir.1990).